**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39976**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 415 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 27, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ABEL DANIEL HIDALGO VIALPANDO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order relinquishing jurisdiction, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to grant probation following a period of retained jurisdiction. We are also asked to review a unified sentence of five years, with a minimum period of confinement of two years, for burglary and an order denying an I.C.R. 35 motion for reduction of sentence. We affirm.

Abel Daniel Hidalgo Vialpando pled guilty to burglary. I.C. § 18-1401, 18-1403. In exchange for his guilty plea, an additional allegation that Vialpando was a persistent violator was dismissed. The district court sentenced Vialpando to a unified term of five years, with a minimum period of confinement of two years, but retained jurisdiction.

1

Shortly after Vialpando entered into the rider program, Idaho Department of Correction staff recommended relinquishment of jurisdiction. The district court relinquished jurisdiction. Vialpando filed an I.C.R 35 motion for reduction of his sentence, which the district court denied. Vialpando appeals, claiming that the district court erred by in relinquishing jurisdiction, should have sua sponte reduced his sentence upon relinquishment of jurisdiction, and erred in denying his Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Vialpando has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Vialpando also contends that his sentence is excessive and constitutes an abuse of discretion and that the district court should have sua sponte reduced it upon relinquishment of jurisdiction. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). As noted above, however, the district court found that probation was not an appropriate course of action in Vialpando's case. The record does not indicate that the district court abused its discretion in this case.

Vialpando further asserts that the district court erred in denying his Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v.*

*Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Vialpando's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the district court's order relinquishing jurisdiction and the order denying Vialpando's Rule 35 motion are affirmed.